[No. 13381.  Department One.  August 16, 1916.]

HARRISON B. MARTIN, *Appellant*, v. LEVI E. EWING, *Respondent*.[1]

PROCESS — SUMMONS — SERVICE BEFORE COMPLAINT.  A complaint need not be in existence at the time of serving summons, if filed within five days thereafter, under Rem. & Bal. Code, § 220, providing that an action may be commenced by the service of summons or the filing of a complaint; § 221, providing that the summons must require the defendant to answer the complaint within twenty days after service of the summons; § 222, providing the contents of the summons; and § 224, providing that the complaint must be served with the summons unless it is filed with the clerk of the court within five days after service of the summons, in which case the summons must notify the defendant that the complaint will be filed.

Appeal from an order of the superior court for King county, Jurey, J., entered December 31, 1915, in favor of the defendant, granting a motion to quash a summons and the service thereof, on the ground that no complaint was in existence.  Reversed.

*Harrison B. Martin* and *Howard H. Startzman*, for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

MOUNT, J.—On November 10, 1915, Levi E. Ewing, a resident of the city of Cleveland, Ohio, was temporarily in the city of Seattle.  On that day he was served with a summons, which, omitting the formal parts, is as follows:

"You are hereby summoned to appear within twenty days after service of this summons upon you, exclusive of the day

[1]Reported in 159 Pac. 755.

of service, and defend the above entitled action in the court aforesaid, and answer the complaint of the plaintiff and serve a copy of your answer or other pleadings upon the undersigned attorney for plaintiff at his address below stated; and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint which will be filed with the clerk of said court."

Then follows the signature and address of the attorney for the plaintiff.

On the next day a representative of Mr. Ewing called upon the attorney for the plaintiff and requested information as to the nature of the action on account of which the summons was served, and asked for an inspection of the plaintiff's complaint. In answer to these inquiries, it was stated that no complaint had been prepared. On the 12th day of November, 1915, a complaint was verified by the plaintiff and filed in the superior court. The defendant afterwards, appearing specially, moved to quash the summons and the service thereof, on the ground that, at the time of the issuance and service of the summons on November 10th, no complaint had been prepared or was in existence.

Upon a showing of the facts above stated, the superior court granted the defendant's motion to quash, and entered an order to that effect. The plaintiff has appealed from that judgment.

The statute, Rem. & Bal. Code, § 220, provides:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

Section 221 provides:

"The summons must be subscribed by the plaintiff or his attorney, and directed to the defendant requiring him to

answer the complaint, and serve a copy of his answer on the person whose name is subscribed to the summons, at a place within the state therein specified in which there is a post office, within twenty days after the service of the summons, exclusive of the day of service."

Section 222 provides for the contents of the summons as follows:

"The summons shall also contain,—

"(1)   The title of the cause, specifying the name of the court in which the action is brought, the name of the county designated by the plaintiff as the place of trial, and the names of the parties to the action, plaintiff and defendant;

"(2)   A direction to the defendants summoning them to appear within twenty days after service of the summons, exclusive of the day of service, and defend the action;

"(3)   A notice that, in case of failure so to do, judgment will be rendered against them, according to the demand of the complaint. It shall be subscribed by the plaintiff, or his attorney, with the addition of his postoffice address, at which the papers in the action may be served on him by mail. There may, at the option of the plaintiff, be added at the foot, when the complaint is not served with the summons, and the only relief sought is the recovery of the money, whether upon tort or contract, a brief notice specifying the sum to be demanded by the complaint."

Section 223 provides the form of the summons.

Section 224 provides as follows:

"A copy of the complaint must be served upon the defendant with the summons unless the complaint itself be filed in the office of the clerk of the superior court of the county in which the action is commenced within five days after service of such summons, in which case the service of the copy may be omitted; but the summons in such case must notify the defendant that the complaint will be filed with the clerk of said court; and if the defendant appear within ten days after the service of the summons, the plaintiff must serve a copy of the complaint on the defendant or his attorney within ten days after the notice of such appearance, and the defendant shall have at least ten days thereafter to answer the same;

and no judgment shall be entered against him for want of an answer in such case till the expiration of the time."

It is the contention of the respondent that, before a summons can be issued, there must be a complaint in existence. The statute does not so provide. It provides for the service of a summons, and that a complaint must be filed within five days thereafter.

Valid service depends upon the statute, and not upon a cause of action stated in writing and filed. There may be a good service and no cause of action, or a good cause of action and no service. Both must exist to give the court jurisdiction to render a judgment against the defendant. Jurisdiction of the person of a defendant is obtained from the notice and service thereof upon him. Jurisdiction of the subject-matter is obtained from the facts stated in the complaint when filed as required by statute. The service of the notice in the case complied with the statute and, if the complaint when filed states facts sufficient, the court has jurisdiction, both of the person and of the subject-matter. No question is made as to the sufficiency of the allegations of the complaint, which was filed within the time required. It is simply contended that a written verified complaint was not in existence at the time service of the summons was made. The statute does not require that the complaint shall be written or verified or filed before service of the summons. It requires that a formal complaint be filed within five days after service of the summons.

In this case the summons was served upon the defendant on the 10th day of November, 1915. On November 12, and within five days, the complaint was verified and filed. It seems too plain for argument, therefore, that the court had jurisdiction, both of the subject-matter and of the person of the defendant, when the motion to quash was made.

An instructive argument is made by the respondent upon the history of pleadings under the common law and under former statutes of this and other states. While this argu-

ment is engaging, no contention is made that the legislature is not authorized to pass a law providing that actions may be begun by the service of a summons without the complaint being verified or filed. We are satisfied the legislature has power to provide for the commencement of an action by notice or summons, and to provide for the filing of the complaint thereafter.

For these reasons, we are convinced that the trial court erred in quashing the summons. The judgment is therefore reversed, and the cause remanded for further proceedings.

MORRIS, C. J., FULLERTON, and ELLIS, JJ., concur.